(119 App. Div. 16)

## JACOVES v. DARWIN.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

MONEY LENT—SUFFICIENCY OF EVIDENCE OF LOAN.

   After third persons had entered into a contract with plaintiff to purchase land of him, which provided that defendant was to get his commission of $570 for effecting the sale on the closing of the contract, plaintiff sent defendant a check for $100. *Held,* that a judgment for plaintiff for recovery of the $100, on the ground that it was a loan, was against the weight of evidence; the commission being due when the check was sent, and there being no evidence of previous intercourse of the parties which would make such a loan probable.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Lent, § 13.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Louis J. Jacoves against Alter Darwin. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

J. Gainsburg, for appellant.

WOODWARD, J. It appears that the defendant, as a broker for the plaintiff, brought in certain customers, who entered into contracts to purchase certain property, owned by the plaintiff, for $57,000. This contract was drawn on the 24th of May, 1906, and the plaintiff admitted that in response to the demands of the defendant he wrote into the contract that the defendant was to get his commission for effecting the sales of the property upon the closing of the contract. Subsequently, in June, it appeared that the plaintiff sent the defendant a check for $100, which he claims was a loan, but which the defendant claims was part payment of his commission, of which $470 is still unpaid.

I am of the opinion that the decision of the trial court that the $100 sued for in this action by the plaintiff was a loan was against the weight of evidence, in view of the fact that the $100 was given to the

defendant subsequent to the closing of the contract, and that no evidence was introduced showing previous intercourse of the parties which would make such a loan probable. I think that the defendant is entitled under the evidence to the commission stipulated in the contract, and that the $100 at issue should, under the evidence, be regarded as a part payment of such commission. The court below evidently adjudicated the case on the presumption that the commission became due only upon the passing of title, whereas the contract expressly provides that it should become due "at the time of closing contract." The alleged loan of $100, which was subsequent to the closing of the contract, was made, therefore, after the commission was already past due; and this fact, supported by the evidence, upholds the contention of the defendant that the $100 was not a loan, but merely a part payment of his commission.

We will not suggest here that the parties may find themselves in some difficulty in reference to the litigation by reason of the fact of the pendency of the two suits, or by reason of any rules of practice relative to counterclaims, but content ourselves with deciding that the judgment under review was rendered against the weight of evidence.

The judgment of the Municipal Court is therefore reversed, and a new trial ordered; costs to abide the event. All concur.